**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Kelvin L. Spann,

    Plaintiff

v.

Bryant Williams, Sr., et al.,

    Defendants

Case No.: 2:17-cv-02018-JAD-GWF

**Order Dismissing Case**

    Pro se plaintiff and Nevada state prisoner Kelvin Spann brings this civil-rights case under § 1983 for events that allegedly occurred during his incarceration at various Nevada state prisons.[1] I screened Spann's original complaint and found that his sole deliberate-indifference-to-serious-medical-needs claim was insufficiently pled.[2] So, I dismissed the claim without prejudice and gave Spann leave to amend his complaint if he could plead true facts to cure the deficiencies that I identified.[3] Spann initially had until April 2, 2018, to file his amended complaint, but that deadline was extended until May 2, 2018.[4] I warned Spann in the screening order—and Magistrate Judge Foley warned him in the time-extension order—that this case would be dismissed with prejudice if he failed to file an amended complaint.[5] The extended deadline is two weeks expired, and Spann still has not filed an amended complaint.

    District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[6] A court may dismiss an action with prejudice based on a party's failure to prosecute an action,

---

[1] ECF No. 1-1.

[2] ECF No. 4 at 5.

[3] *Id.* at 7.

[4] ECF No. 8.

[5] ECF Nos. 4, 8.

[6] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

1

failure to obey a court order, or failure to comply with local rules.[7] In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[8]

I find that the first two factors—the public's interest in expeditiously resolving the litigation and the court's interest in managing the docket—weigh in favor of dismissing this case. The risk-of-prejudice factor also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[9] The fourth factor is greatly outweighed by the factors favoring dismissal, and a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the consideration-of-alternatives requirement.[10] Spann was warned—twice— that his case would be dismissed if he failed to submit an amended complaint by the court-ordered deadline. So, Spann had adequate warning that his failure to submit an amended complaint would result in this case's dismissal.

Accordingly, IT IS HEREBY ORDERED that this action is **DISMISSED with prejudice** based on Spann's failure to file an amended complaint and for failure to state a claim.

IT IS FURTHER ORDERED that the application to proceed *in forma pauperis* **[ECF No. 1] is DENIED as moot.**

---

[7] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[8] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[9] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[10] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

The Clerk of Court is directed to **ENTER JUDGMENT** accordingly and CLOSE THIS CASE.

Dated: May 16, 2018

_____
U.S. District Judge Jennifer A. Dorsey